U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT          2013 SEP 18 PM 4: 56

|  |  |  |
|---|---|---|
| PATRIOT INSURANCE COMPANY, | ) | CLERK |
|  | ) | BY _____ H3C |
|  | ) | DEPUTY CLERK |
| Plaintiff, | ) | Civil Action No. |
|  | ) |  |
| v. | ) | 1:13.cv.257 |
|  | ) |  |
| VERMONT JUVENILE | ) |  |
| MANUFACTURING, INC. | ) |  |
| d/b/a PET GEAR and | ) |  |
| ROBIN A. GOODWIN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Patriot Insurance Company ("Patriot"), by and through its attorneys, Paul Frank +

Collins P.C., allege against defendants as follows:

### I. Nature of Action

1.     This is an action pursuant to 28 U.S.C. § 2201 for a declaratory judgment in which

Patriot seeks a declaration under two successive insurance policies numbered BOP6033477 that it

has no obligation to provide a defense or indemnity to defendant Vermont Juvenile Manufacturing,

Inc. d/b/a Pet Gear ("Pet Gear") in connection with a claim by one of Pet Gear's former employees,

defendant Robin A. Goodwin, for alleged wrongful employment termination.

2.     No coverage is afforded because Ms. Goodwin's claim was not both first made and

reported during any policy issued by Patriot as is required.  Instead, despite being represented by

counsel throughout, Pet Gear did not report this claim until sixteen (16) months after the claim was

first made.  Such reporting was nearly six (6) months after the expiration of the policy in effect

when the claim was first made.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK

## II.  **Jurisdiction and Venue**

3.     Patriot files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Jurisdiction of this Court over this action is based on 28 U.S.C. § 1332(a) and is proper because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and all defendants in this action.

4.     Venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (2).

5.     An actual case and controversy of a justiciable nature exists between the parties because the parties dispute whether any insurance policies issued by Patriot must respond to, defend and/or indemnify Pet Gear against certain allegations asserted by Ms. Goodwin in an administrative complaint filed with the Vermont Attorney Generals' Office and a state court lawsuit she filed in Vermont Superior Court, Rutland Unit.

## III.  **The Parties**

6.     Plaintiff, Patriot, is a Maine domiciled corporation with its principal place of business in Frankenmuth, Michigan.  It does business in Vermont as an admitted licensed insurer.

7.     Upon information and belief, defendant Vermont Juvenile Manufacturing, Inc. d/b/a Pet Gear ("Pet Gear") is a Vermont corporation with a principal place of business in West Rutland, Vermont.

8.     Upon information and belief, defendant Robin A. Goodwin is a resident of Hubbardton, Vermont.

## IV.  Factual Background

9.      Patriot incorporates by reference the allegations of all preceding paragraphs as though plead here.

10.     On or about February 16, 2012, Ms. Goodwin filed a Charge of Employment Violation ("AG Charge") with the Vermont Attorney General's office alleging Pet Gear violated Vermont's Parental and Family Leave Act ("VPFMLA") at some point during her employment with Pet Gear from October 31, 2003 to December 30, 2011.  A true and accurate copy of Claimant's AG Charge is attached hereto as Exhibit A.

11.     On March 14, 2012, the Vermont Attorney General notified Pet Gear of Ms. Goodwin's claim pursuant to the AG Charge.

12.     On April 5, 2012, Pet Gear, though its lawyer, responded to and disputed the AG Charge.

13.     On June 3, 2013, Pet Gear notified Patriot of the claim.

14.     On or about June 7, 2013, Ms. Goodwin filed a related civil action in Vermont Superior Court alleging wrongful termination in her employment with Pet Gear.  The civil action is styled *Robin A. Goodwin v. Vermont Juvenile Furniture MFG, Inc.*, Docket No. 363-5-13 (the "Civil Action") and alleges violation of VPFMLA as well as other causes of action arising out of the employment relationship.  A true and accurate copy of Claimant's Civil Action is attached hereto as Exhibit B.

15.     On June 26, 2013, Patriot denied coverage for the AG Charge.

16.     On June 27, 2013, Pet Gear informed Patriot of the Civil Action.

17.     On July 11, 2013, Patriot supplemented its denial to include the Civil Action.

18.     On July 23, 2013, the Vermont Attorney General's Office notified Pet Gear that Ms. Goodwin's claims were still under investigation and requested additional information from Pet Gear.

## V. The Policies and Denial of Coverage

19.     Patriot incorporates by reference the allegations of all preceding paragraphs as though plead here.

20.     On or about November 19, 2010, Patriot issued Pet Gear a claims-made and reported Employment Related Practices Liability insurance policy bearing number BOP6033477 and with effective dates of November 19, 2010 to November 19, 2011.

21.     The Policy was renewed with effective dates of November 19, 2011 to November 19, 2012 ("2011-2012 Policy").

22.     The Policy was renewed a second time with effective dates of November 19, 2012 to November 19, 2013 ("2012-2013 Policy").

23.     All three policies contain the coverage form 02564 (1-11) titled "Employment Related Practices Liability Policy Claims Made and Reported Policy."  Attached as Exhibit C are true and accurate copies of Form 02564 (1-11) and the declaration pages for the 2011-2012 and 2012-2013 Policies, which are fully incorporated herein by reference.

24.     The Declarations Page of the 2011-2012 and the 2012-2013 Policies provide as follows:

> **THIS IS A CLAIMS MADE AND REPORTED POLICY. COVERAGE IS LIMITED TO LIABILITY FOR CLAIMS FIRST MADE AGAINST YOU AND REPORTED TO US WHILE THE COVERAGE IS IN FORCE. PLEASE REVIEW THE POLICY CAREFULLY AND DISCUSS POLICY COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.**

25.    The Employment Practices Liability insuring agreement of the policies, Form 02564

(1-11), state as follows:

### EMPLOYMENT RELATED PRACTICES LIABILITY POLICY CLAIMS MADE AND REPORTED POLICY
...

#### 1.  INSURING AGREEMENT

**We** shall pay those amounts the **INSURED** is legally required to pay as **LOSS** and related **DEFENSE COSTS** by reason of a **CLAIM** arising out of **your WRONGFUL EMPLOYMENT PRACTICE(S)** to which this insurance applies. A **CLAIM** for a **WRONGFUL EMPLOYMENT PRACTICE** must be first made against **you** during the **POLICY PERIOD** or any extended reporting period before **we** will agree to provide coverage under this Policy.

Form 02564 (1-11), page 1 of 8.

26.    The Employment Practices Liability policies contain a Notice of Claim Provision

which states, in relevant part:

**Notice of CLAIM**. If a **CLAIM** is made against any **INSURED**, **you** must:

\*\*\*

b)    Notify **us** or **our AUTHORIZED REPRESENTATIVE** as soon as practicable, but in no event more than 30 days after any **INSURED** who is a principal, partner, officer, director, trustee, in-house counsel, **EMPLOYEE(S)** within the HR department or **EMPLOYEE(S)** with personnel responsibilities, becomes aware that a **CLAIM** has been made.

Form 02564 (1-11), page 5 of 8.

27.  "CLAIM" is defined as:

2.    **CLAIM(S)** means:
a)  A written demand;
b)  A civil or administrative proceeding; or
c)  An arbitration, mediation, or any other alternative dispute resolution proceeding to which the **INSURED** must submit or may submit with our prior consent.

A **CLAIM** will be deemed first made on the date any **INSURED** first receives notice of the **CLAIM**.

Form 02564 (1-11), page 7 of 8.

## VI. Counts For Declaratory Judgment

### Count I – No Coverage under the 2012-2013 Policy.

28.     Patriot incorporates by reference the allegations of all preceding paragraphs as though plead here.

29.     Pursuant to the terms of the 2012-2013 Policy, coverage is only triggered for claims that are first made against the insured during the Policy Period or any extended reporting period.

30.     The Policy Period for the 2012-2013 Policy is November 19, 2012 to November 19, 2013.  There is no extended reporting period for this policy.

31.     Ms. Goodwin's claim was first made against Pet Gear at least as early as April 5, 2012 when Pet Gear received or had notice of the AG Charge dated February 16, 2012.

32.     Thus, the 2012-2013 Policy is not triggered because the Claim was first made before the 2012-2013 policy period.

33.     As a result, there is no coverage under the 2012-2013 Policy for either the AG Charge or the Civil Action.

### Count II – No Coverage under the 2011-2012 Policy.

34.     Patriot incorporates by reference the allegations of all preceding paragraphs as though plead here.

35.     Pursuant to the 2011-2012 Policy, coverage is only triggered for those claims that are first made and reported during the policy period.

36.     In addition, all claims first made in a policy period must be reported as soon as practicable of a Claim, but in no event more than 30 days after an insured becomes aware of a Claim.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK

6

37.     The policy period for the 2011-2012 Policy is November 19, 2011 to November 19, 2012.

38.     The claim was first made sometime on or before April 5, 2012, which is during the 2011-2012 policy period.

39.     Pet Gear did not report Ms. Goodwin's Claim to Patriot until June 3, 2013, which is almost six months after the expiration of the 2011-2012 Policy.

40.     In addition, the notice provided was more than 30 days after Pet Gear became aware of the Claim.

41.     As a result, there is no coverage under the 2011-2012 Policy.

**WHEREFORE**, Patriot respectfully requests this Court enter an Order and Judgment declaring:

a.  Patriot owes no duty to defend or indemnify Pet Gear under the 2011-2012 Policy for Ms. Goodwin's claim, whether expressed in the AG Charge or the Civil Action; and

b.  Patriot owes no duty to defend or indemnify Pet Gear under the 2012-2013 Policy for Ms. Goodwin's claim, whether expressed in the AG Charge or the Civil Action.

Dated: September 18, 2013                    Respectfully submitted,

                                             PATRIOT INSURANCE COMPANY


                                             By:     Nolan C. Burkhouse Esq.
                                                     Matthew A. Ferrigno, Esq.
                                                     Paul Frank + Collins P.C.
                                                     P.O. Box 1307, One Church Street
                                                     Burlington, VT 05402-1307
                                                     (802) 658-2311
                                                     nburkhouse@pfclaw.com
                                                     mferrigno@pfclaw.com
                                                     *Attorneys for Plaintiff*